UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEAN McTERRELL, #15-A-2874,

                Plaintiff,

**Hon. Hugh B. Scott**

18CV1028JLS

v.

**Order**

C. KOENIGSMANN, et al.,

                Defendants.

Before the Court is defendant Koenigsmann's motion for a more definite statement (Docket No. 37). Plaintiff, representing himself and in prison, filed various motions seeking leave to amend the Complaint or add parties and claims (Docket Nos. 26, 27, 31, 32, 33, 47, 48). After reassignment of this case to Judge John Sinatra (Docket No. 49) and referral of pretrial proceedings to the undersigned (Docket No. 50), this Court stated that all pending motions would be considered together (Docket No. 51). Any further responses thus were due by February 13, 2020, and any replies were due by February 25, 2020 (Docket No. 51). Defendant responded (Docket No. 52) and plaintiff replied filing a purported more definitive statement of his claims (Docket Nos. 53, 55). Defendant further replied to plaintiff's first attempt at a more definitive statement (Docket No. 54). This Court deemed the pending motions submitted as of February 25, 2020.

BACKGROUND

This is a self-represented civil rights action. Plaintiff filed the Complaint (Docket No. 1) dated May 30, 2018, filed on September 18, 2018 (id.), initially against thirteen defendants challenging the medical care he received while incarcerated. Plaintiff moved for in forma pauperis status (Docket No. 2) but that motion was denied (Docket No. 5). Plaintiff moved (Docket No. 8) for leave to amend the Complaint (to address objections found by the Court in denying in forma pauperis application) and renewed his motion for in forma pauperis status (Docket No. 7). Plaintiff's in forma pauperis motion was granted (Docket No. 25). Plaintiff then filed a series of amendments to the Complaint (adding parties or claims) (Docket Nos. 12, 13, 14, 15, 20, 22, 23). That first amendment (Docket No. 12) does not name defendant Koenigsmann as a defendant. Judge Elizabeth Wolford granted plaintiff's motions for leave to amend (Docket No. 25). Thus, ten defendants plus two sets of John or Jane Doe defendants were named (see id.), including movant Koenigsmann. Judge Wolford there ordered plaintiff to submit a single Amended Complaint containing all the allegations against each defendant "so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer" (id. at 45). Judge Wolford also warned plaintiff not to file serial motions, which plaintiff had filed "on almost weekly basis that contain most repetitive and/or meritless allegations" (id. at 45-46), concluding that "in other words, if Plaintiff continues to submit repetitive, mostly meritless motions, the Court may issue an order that would prevent Plaintiff from submitting any future filings," (id. at 46).

Plaintiff then continued filing motions to add additional parties and claims (Docket Nos. 26, 27, 31, 32, 33; see Docket No. 52, Def. Atty. Decl. ¶ 4), prior to defendants' motion.

Some of these amendments attempt to reinstate defendants dismissed in Judge Wolford's Order or in plaintiff's prior proposed Amended Complaint.

*Defendants' Motion for More Definitive Statement (Rule 12(e)), Docket No. 37*

On September 18, 2019, defendant Koenigsmann moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Docket No. 37). Koenigsmann seeks

> "a single, concise document, outlining … all of his claims and specifying all of the parties intended to be named in this action, because the current 'pleading' and proposed amendments are a confusing and impossibly complex collection of nearly twenty separate filings, comprised of more than 400+ pages, written in various stream of consciousness style, narrative submissions, which Defendant[] [sic] cannot practically respond to"

(Docket No. 52, Def. Atty. Decl. ¶ 4).

Judge Wolford scheduled briefing for this motion (Docket No. 44). Plaintiff responded stating that prison officials denied him postage, that he owed $90 for prior mailings, and since he was assigned to general population, he lacked a prison job to earn money (Docket No. 45, Def. Atty. Letter, Oct. 1, 2019, Ex. A, pl. letter of motion in response at 1; see also Docket No. 47, Pl. Motion at 1, repeating Docket No. 45, Ex. A). He contends that these obstructions precluded him from submitting an amended pleading (Docket No. 45, Ex. A, at 1). Plaintiff also proposed to add four additional defendants and new claims (id. at 1-3). Koenigsmann filed a reply memorandum (Docket No. 46). Plaintiff then sought a discovery conference and appointment of lawyer (Docket No. 47 at 1; cf. Docket Nos. 21 (plaintiff's first motion for appointment of counsel), 25, at 43-44 (Order denying appointment of counsel without prejudice)). Plaintiff (in addition to repeating the amendments from Docket No. 45) also seeks to add claims against "5 Points administration for making a policy that prevented me from going to Jummah Prayer" (Docket No. 47, Pl. Motion at 5), suing Five Points Correctional Facility for this First

Amendment violation (id.). Plaintiff then moved for extension of time and a courtesy copy of his Complaint to respond, arguing that responding to Koenigsmann's motion creates a hardship for him but he said he would comply (Docket No. 48, Pl. Motion at 1). Plaintiff alleged that his cellmate flooded the cell, destroying his legal papers (id. at 1). Plaintiff also outlined other deprivations he has suffered (id. at 1-2) naming (or reasserting) three defendants for claims that occurred in Five Points and the Office of Mental Hygiene.

After referral of this case to the undersigned (Docket No. 50), a further briefing schedule was set for all pending motions, Koenigsmann's motion for a more definitive statement, plaintiff's motions for leave to amend, and plaintiff's request for appointment of counsel or for a conference (Docket No. 51). Koenigsmann responds summarizing their contention that they seek a more definitive statement from plaintiff, as previously ordered by this Court (Docket No. 52, Def. Atty. Decl. ¶¶ 4-5). Despite Judge Wolford's admonition, plaintiff continued to file piecemeal amendment motions (id. ¶¶ 6-8, 11). Koenigsmann argues plaintiff made "numerous factual misrepresentations to the Court concerning his ability (or alleged inability) to make legal mailings for this proceeding" (id. ¶ 9), but without an affidavit from prison officials refuting plaintiff's allegations. Koenigsmann concludes that if plaintiff persists in alleging piecemeal amendments "it may be appropriate for the Court to strike the pleadings and/or dismiss the action" (id. ¶ 12; see also Docket No. 46, Def. Reply Memo. at 2).

Plaintiff filed a reply purported to be a more definitive statement of his claim (Docket No. 53). He filed a similar reply in response to this Court's scheduling Order (Docket No. 55). As defendant characterizes in his reply (Docket No. 54), the first "more definitive statement" is a "thirteen-page, single spaced monologue chroncl[ing] events that span the course of more than

4

four years, many of which are devoid of specifics concerning time and place" (id. at 1). That statement includes events from more than a year after the filing of this case and purports to add new defendants (including unknown John and Jane Does) and claims and reinstate dismissed defendants, "though it is not clear which persons Plaintiff actually intends to sue, and/or what specific claims he has against them" (id.). If that document intends to replace his Complaint, defendant argues that this statement does not comply with the Federal Rules, see Fed. R. Civ. P. 8(a), 10(b) (id. at 1-2). Defendant concludes that this statement "did nothing to clarify things" (id. at 3). Defendant suggests subsequent screening of plaintiff's statement and further clarification under 28 U.S.C. § 1915 (id. at 5 n.1) or outright dismissal with prejudice for violation of Rule 8 (id. at 5).

Plaintiff's latest attempts at a more definitive statement (Docket Nos. 53, 55) are long narrative statements alleging claims that may or may not have been alleged to date. In the first statement of eleven pages and exhibits (Docket No. 53) plaintiff sometimes identify "new defendants" but without specifying the claim against each new defendant. As best as can be deciphered and noting new defendants, plaintiff alleges how unnamed defendants handled treatment of his HIV medication and testing for hepatitis C in October 2015, while at Sing Sing Corrections Facility (a facility not in the Western District of New York), later at Southport and Walsh Correctional Facilities (id. at 2). Plaintiff then complains that he informed medical staff at Auburn Correctional Facility in 2017 about his diabetes and pain and that they delayed treatment (id. at 3), with plaintiff complaining to defendant Koenigsmann about these deprivations (id. at 2, 3). He next alleges that he was not treated for pneumonia while at Auburn (id. at 4) but does not state when this occurred. While awaiting treatment, plaintiff alleges that

5

correction officer McMillian threatened him with bodily harm (id.).  He alleges that O.M.H. nurse Margaret became rude and berated plaintiff for asking a question about his medication (id.).  He next claimed that corrections officer W. slammed him against the wall while at Auburn (id.).

Plaintiff then alleges claims arising in Southport Correctional Facility, adding Nurse Mack to the previously named Southport defendants (id. at 5).  He then names new defendants for his transfer to Attica and the deprivations of medication and treatment, naming "S.C.O. Spinks," corrections officer Lenton and Lt. John Doe, alleging that Lt. Doe received a bogus ticket that plaintiff eventually was exonerated (id. at 6).  He claimed that nurse practitioner Abbasi and Wacoski would see him but not help him (id. at 7).  He later alleged that nurse "Suant" wrote him up four times in retaliation (id.).  Plaintiff now alleges that he was illegally detained in special housing unit (id. at 8).  Plaintiff also adds allegation against corrections officer Edwards who joined officer Keoff in conducting an allegedly harassing cell search (id. at 8-9).  He also alleges that food administrator A. Parker (or Park) wrongfully found plaintiff guilty of threats, possibly in March 15, 2019 (id. at 9); if this occurred when speculated, that occurred after the original Complaint was filed.  Plaintiff's remaining claims in this statement date from 2019, again after the original Complaint was filed (id. at 9-11).  Plaintiff amplified the Southport deprivation of Jummah service claim, stating that it occurred in July and August 2019 (id. at 10-11), again after the date of the original Complaint.  He concludes again asking for a discovery conference and appointment of pro bono counsel (id. at 11).

Plaintiff's second statement (Docket No. 55) is a single page document with additional exhibits and copies of grievances filed to show exhaustion of his claims.  Here, he states his

6

claims are § 1983 claims to redress violations of his rights under the Sixth, Eighth, and Fourteenth Amendments; violations of the Americans with Disabilities Act and Rehabilitation Act § 504 in failing to provide reasonable accommodations for his chronic ailments, denial of hepatitis C treatment for five and a half years, deprivation of HIV medication, denying access to a mental health doctor for nine months; and not allowing plaintiff to attend Jummah services for eleven weeks (id. at 1). Plaintiff is suing all defendants in their individual and official capacities, for nominal, punitive, and compensatory damages (id.).

The above discussion of the more definitive statements shows the lack of definitive statement of plaintiff's claims or made a short and plain statement of his claims. Plaintiff adds new defendants includes some named in earlier motions but apparently dropped (or forgot) others. This recitation (as well as defendant's, Docket No. 54) does not reflect the disjointed, stream of consciousness of these statements. From this Court's review of plaintiff's submissions, plaintiff seeks to add over 50 defendants to this case including restoration of some defendants dismissed in Judge Wolford's June 18, 2019 Order (cf. Docket No. 25). Plaintiff names defendants from Auburn, Southport, Attica, and Five Points Correctional Facilities, and from the Office of Mental Health. The new (or sought revived) claims include denied medication or treatment, failure to relocate, denial of religious observances, and harassment for filing grievances.

## DISCUSSION

I.     More Definite Statement

Any party may request a more definite statement of a pleading where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," Fed. R. Civ. P. 12(e).

The opponent must point out the defects of the pleading and the details desired, id. If this Court orders a more definitive statement and that Order is not obeyed within fourteen days after notice of the Order "the court may strike the pleading or issue any other appropriate order," id. The grant of this motion is within this Court's discretion, Oliver v. New York State Police, No. 17CV1157, 2019 U.S. Dist. LEXIS 18488, at *28-30 (W.D.N.Y. Feb. 5, 2019) (Wolford, J.) (see Docket No. 37, Def. Memo. at 3). If the challenged pleading is in a short and plain statement of the claim, then the motion for a more definite statement should be denied, see Asip v. Nielsen Media Research, Inc., No. 03 Civ. 5866(SAS), 2004 U.S. Dist. LEXIS 2350, at *6 (S.D.N.Y. Feb. 17, 2004) (denying defendant's motion for more definitive statement). Rule 12(e) addresses unintelligibility rather than the lack of specificity in a pleading; the latter could be addressed in discovery rather than repleading or possible dismissal, see id. at *6 & n.19 (quoting Markovic v. New York City Sch. Constr. Auth., No. 99 Civ. 10339, 2000 U.S. Dist. LEXIS 13130 (S.D.N.Y. Sept. 13, 2000)). A motion for more definitive statement is disfavored, where specificity is better found in discovery rather than repleading, e.g., Singh v. New York State Dep't of Tax. And Fin., No. 06CV299, 2011 U.S. Dist. LEXIS 83483, at *98 (W.D.N.Y. July 28, 2011) (Foschio, Mag. J.) (denying motion for more definitive statement from pro se Complaint).

The pleading resulting from the grant of a motion for a more definitive statement must be in pleading form, that is a short and plain statement of claims, Fed. R. Civ. P. 8(a)(2), in separate numbered paragraphs, Fed. R. Civ. P. 10(b), giving defendant sufficient notice of plaintiff's claims against it, see Price v. City of Troy, N.Y., No. 1:12CV815, 2014 U.S. Dist. LEXIS 87443, at *19 (N.D.N.Y. June 26, 2014) (Hummel, Mag. J.) (granting motion for more definitive

statement and ordering plaintiff to file an Amended Complaint that sets forth a short and plain statement of facts, naming individuals that violated plaintiff's rights); Aguilar v. New York Convention Ctr. Operating Corp., 174 F. Supp. 2d 49, 56 (S.D.N.Y. 2001) (Motley, J.).

This Court, in granting plaintiff leave to amend, expressly ordered plaintiff to file a single Amended Complaint containing all surviving claims against remaining defendants rather than make repeated piecemeal submissions (Docket No. 45, Order at 45-46). Plaintiff argues that lack of postage or owing money to the facility precluded him from submitting a single amended pleading (Docket Nos. 45, Ex. A, 47, 48). Under Rule 15, the Amended Complaint replaces prior pleadings, see Fed. R. Civ. P. 15(a)(2); thus, plaintiff's serial filings are confusing and counterproductive; see also W.D.N.Y. Loc. Civ. R. 15(a) (Docket No. 37, Def. Memo. at 2 n.2).

Plaintiff's excuses do not preclude his filing a single Amended Complaint, see also Fed. R. Civ. P. 8(a)(2) (short and plain statement of the claim showing the pleader is entitled to relief) (id. at 3). Plaintiff could have assessed the separate proposed amendments he submitted, any other claims that he may wish to allege related to the claims alleged to date, and the remaining claims in the Complaint and compiled them into a single Amended Complaint. Plaintiff has yet to do that. Based on proceedings to date, plaintiff now alleges claims against ten named defendants and two groups of John and Jane Doe defendants (the Attica Correctional Facility doctor John/Jane Does and the Attica Corrections Officer John/Jane Does); with the proposed amendments, plaintiff intends to name over fifty more defendants and assert claims arising in five facilities.

If the number of defendants is a service concern for plaintiff, the filing of a single omnibus Amended Complaint may keep down the number of pages and the postage for mailing

the Amended Complaint.  Plaintiff need only submit a single proposed Amended Complaint to the Court and await this Court's action ordering the U.S. Marshal to serve the Amended Complaint upon Koenigsmann (or his counsel) and the other surviving defendants.  Thus, plaintiff would be mailing and copying a single document to this Court rather than ten (or more) copies.  Plaintiff also could narrow the claims and parties he wishes to litigate to focus the case and have fewer pages to duplicate or mail.  Since plaintiff's claims allegedly occurred in five different facilities and some claims are only related to others because plaintiff alleges them, plaintiff may (if claims are not time barred) commence separate actions based upon which facility the events occurred in.

Otherwise, plaintiff does not explain why he need not provide a more definite statement of his claims from the myriad of proposed amendments (as he previously was ordered to do). Plaintiff's postage issues **are insufficient grounds to oppose submitting a more definite statement**.  Plaintiff's latest attempt (Docket Nos. 53, 55) at providing a more definitive statement also **fails**.  As discussed in the facts, the purported definitive statement is a long narrative covering events at four or five facilities since 2015, including events that occurred <u>after</u> the filing of the original Complaint in 2018.  Such a statement would require screening-like review before this Court can order service by the United States Marshal Service.  Review of that statement (Docket No. 53) also indicates that it is not clear what the moving defendant was accused of doing.

Therefore, defendant's motion for a more definite statement (Docket No. 37) is **granted**. Plaintiff's motions for leave to amend the Complaint (Docket Nos. 26, 27, 31, 32, 33, 45, 47, 48; <u>see also</u> Docket Nos. 53, 55) as were prior motions for leave (Docket Nos. 8, 12-15, 20, 22, 23;

see Docket No. 25, Order) are **granted in part**; plaintiff is to submit **a single amended pleading** including all surviving allegations and defendants who remain in this action and the amendments plaintiff intended to pursue with his motions. As conditioned, plaintiff has until **May 29, 2020**, to submit his Amended Complaint as defined in this Order and Judge Wolford's earlier Order (Docket No. 25). This Amended Complaint if it complies with the Federal Rules should satisfy defendant's motion for a more definitive statement. If it does not, this Court may recommend striking the pleading or issuing other appropriate Order, Fed. R. Civ. P. 12(e).

Plaintiff also sought a courtesy copy of his Complaint (Docket No. 48, at 1). Given the 193 pages of the Complaint with its exhibits, number of subsequent filings (including exhibits) that purport to amend the Complaint is voluminous (see Docket Nos. 1, 8, 12-15, 20, 22, 23, 26, 27, 31-33, 45, 47-48; see also Docket No. 25 (Order)) constituting over 400 pages in total (see Docket No. 52, Def. Atty. Decl. ¶ 4) and about a third of the docket entries. Plaintiff's request is **denied** at this time.

Plaintiff's ability to amend his Complaint as directed above and provide a more definitive statement is discussed next regarding his renewed motion (Docket No. 47; see also Docket No. 53, Pl. Statement at 11) for appointment of pro bono counsel.

II.     Appointment of Counsel

Given plaintiff's representations that he is unable to submit an Amended Complaint in a single document and plaintiff's serial submissions to date despite Judge Wolford's Order not to do so, **appointment of counsel** (even for the limited purpose of drafting and submitting an Amended Complaint) **is in order here**. This assistance will facilitate moving this case forward, it will allow the defendant (and others named) to answer plaintiff's allegations, and it should

11

provide the more definitive statement now sought by defendant (and, to a degree, by this Court). Plaintiff's renewed motion (Docket No. 47) for appointment of counsel is **granted**; by a separate Order this Court shall appoint pro bono counsel to represent plaintiff for limited purpose of drafting plaintiff's Amended Complaint. Plaintiff (assisted by appointed counsel) thus has until **May 29, 2020**, to submit the proposed Amended Complaint; this should afford plaintiff (and counsel) enough time to draft and submit a single Amended Complaint. Counsel shall have full access to the docket and whatever assistance this Court usually accords to pro bono counsel. This limited appointment does not preclude plaintiff and appointed counsel from continuing this representation after submission of the amended pleading.

As noted above, plaintiff also moves for this Court to provide copies of his pleadings (Docket No. 48), and that production would be about a third of the docketed items for hundreds of pages. That motion is **denied** at this time. With plaintiff being appointed pro bono counsel and that counsel having access to the pleadings and motions, plaintiff himself has a lessened need for his earlier papers. By filing his purported more definitive statement (Docket No. 53; see also Docket No. 55), plaintiff has shown that he can manage his claim without copies of earlier papers.

III.    Status Conference

Plaintiff's alternative request for a status conference (Docket No. 47, at 1; Docket No. 53, Pl. Statement at 11) is **premature**. Once plaintiff has submitted his Amended Complaint, that pleading has been screened and authorized for service, and the surviving named defendants have answered or moved to dismiss, a Status Conference then may be in order.

CONCLUSION

For the reasons stated above, defendant Koenigsmann's motion (Docket No. 37) for a more definite statement is **granted**. Plaintiff's motions for leave to amend the Complaint (Docket Nos. 26, 27, 31, 32, 33, 45, 47, 48; see also Docket Nos. 8, 12-15, 20, 22, 23, 53, 55, 25 (Order)) are **granted in part as specified in this Order**. Plaintiff is to submit **a single amended pleading** including all surviving allegations and defendants who remain in this action that he intends to sue that can be sued in this action. Assisted by appointed pro bono counsel, plaintiff has until **May 29, 2020**, to submit the Amended Complaint. Once that amended pleading is filed and reviewed for compliance with prior Orders (including this Order), this Court will direct the Court Clerk to cause the United States Marshal to serve copies of the Amended Complaint upon the remaining defendants named in that pleading, without plaintiff's payment thereof; the Court Clerk will also forward a copy of this Order to Assistant Attorney General Joel Terragnoli.

Plaintiff's motion for appointment of counsel (Docket No. 47) is **granted** and this Court shall appoint pro bono counsel in a separate Order.

Plaintiff's alternative request for a status conference (Docket No. 47) is **denied as premature**. His motion for this Court to furnish copies of his Complaint (Docket No. 48) (and presumably the proposed amendments and relevant prior Orders) is **denied** at this time.

This Court **rejects** plaintiff's attempt at a more definitive statement of his claims (cf. Docket No. 53, see also Docket No. 55).

A copy of this Order will be sent to plaintiff at his facility of record by the Chambers of the undersigned.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 27, 2020