**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**SEAN McTERRELL,**

                **Plaintiff,**

**v.**                                                        **18-CV-1028-JLS-HKS**

**CARL J. KOENIGSMANN,** *et al.,*

                **Defendants.**

## ORDER

Currently before the Court is Plaintiff Sean McTerrell's Motion for Miscellaneous Relief.[1] Dkt. No. 89. The Court reads the motion to raise five requests for relief. For the reasons discussed below, all of McTerrell's requests are DENIED.

First, McTerrell asks for leave to "fix" certain "mistakes" in his amended complaint and to add allegations relating to the denial of hormone treatment. Dkt. No. 89 at 1, 3. The Court denies that request without prejudice. Before this case was transferred to the undersigned, Magistrate Judge Scott twice denied McTerrell's requests for leave to amend. *See* Dkt. No. 77, 79. He concluded that, because McTerrell had "already had a number of opportunities to amend his complaint," and given that "the litigation has not even entered the discovery process," the "more efficient course" would be to defer any further motions to amend until the start of discovery. ECF No. 77. McTerrell would suffer "no prejudice from this delay, as any scheduling

---

[1] On March 23, 2021, the Court granted McTerrell's motion insofar as he requested additional time to respond to Defendants' motion to dismiss. *See* Dkt. No. 90. This order resolves his remaining requests.

1

order" would "provide a deadline for the amendment of pleadings." *Id.* This Court concurs in Magistrate Judge Scott's assessment.[2]

Second, McTerrell asks the Court to compel certain defendants to respond to his requests under New York's Freedom of Information Law ("FOIL"). Dkt. No. 89 at 2. The request is denied because this Court does not have "jurisdiction to consider FOIL claims." *Jeanty v. Utica Police Dep't*, No. 20-CV-221, 2021 WL 1055153, at *4 (N.D.N.Y. Mar. 19, 2021) (collecting cases); *see also Rios v. Mantellino*, No. 16-CV-726, 2016 WL 927181, at *2 (E.D.N.Y. Mar. 4, 2016) ("FOIL claims which are not resolved by the state or city agency must be brought in the New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules.").

Third, McTerrell requests reimbursement for expenses he has incurred for "legal copies" and "advance postage." Dkt. No. 89 at 3, 6-7. McTerrell has not demonstrated entitlement to such relief. Although he has been granted leave to proceed *in forma pauperis*, that status does not authorize the Court to underwrite his litigation expenses. *See Akande v. U.S. Marshal Serv.*, No. 11-CV-1125, 2018 WL 10667611, at *1 (D. Conn. Aug. 21, 2018) (collecting cases). The request is denied.

---

[2] The Court is also mindful that, should Defendants' pending motion to dismiss be found meritorious, leave to amend may be appropriate. *See Curry v. Huntington Copper, LLC*, No. 12-CV-1673, 2014 WL 4828106, at *3 (N.D.N.Y. Sept. 29, 2014) ("Where . . . a *pro se* litigant's claim is dismissed at the motion to dismiss stage, a court ordinarily does so without prejudice and permits the litigant an opportunity to amend.").

Fourth, McTerrell requests that he be appointed counsel. Dkt. No. 89 at 4. His request is denied without prejudice. Because of his voluminous filings, Magistrate Judge Scott previously appointed McTerrell *pro bono* counsel for the limited purpose of drafting and filing an amended complaint. Dkt. No. 56 at 11-12. *Pro bono* counsel fulfilled that responsibility and thereafter withdrew from the case. Dkt. No. 72. At this time, the Court is not in a position to determine whether further assistance from *pro bono* counsel would be appropriate. There is no constitutional right to appointed counsel in civil cases, but under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. In deciding whether to appoint counsel, the Court considers a number of factors, including whether the litigant's claims seem likely to be of substance and whether appointment will yield any public benefit. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). This action is in its early stages, making it difficult to assess the merits of McTerrell's claim or the public benefit which could be achieved by the appointment of counsel. Accordingly, the Court declines to appoint counsel at this juncture. As a result, unless McTerrell retains private counsel, he will need to prepare his own response to Defendants' motion to dismiss.

Fifth and finally, McTerrell asks the Court to schedule a discovery conference. Dkt. No. 89 at 4. The Court denies his request. The Court will schedule any necessary pretrial conferences in due course after resolution of the pending motion to dismiss.

## CONCLUSION

For the foregoing reasons, McTerrell's Motion for Miscellaneous Relief (Dkt. No. 89) is DENIED.

**SO ORDERED.**

DATED:    Buffalo, New York
          April 7, 2021

                                            *s/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**