UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEAN McTERRELL,

                        Plaintiff,

v.                                                         18-CV-1028JLS(Sr)

CARL J. KOENIGSMANN, *et al.*,

                        Defendants.


## REPORT, RECOMMENDATION & ORDER

        This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial maters and to hear and report upon dispositive motions. Dkt. #50 & Dkt. #88.

        Following multiple attempts to amend the complaint, the Court granted plaintiff's motion for appointment of counsel for the limited purpose of drafting an amended complaint, which was filed on November 13, 2020. Dkt. #70. On October 5, 2021, Judge Sinatra adopted this Court's Report, Recommendation and Order resolving defendants' motion to dismiss. Dkt. #100.

        Following multiple motions by plaintiff (Dkt. ##101, 103, 104, 109, 113, 117, 119, 121, 122, 124, 132, 134, 137), a pretrial conference with the Court (Dkt. #125), and mediation (Dkt. #138), a Case Management Order was entered on April 28, 2023 setting March 8, 2024 as the deadline for dispositive motions. Dkt. #140.

By letter dated February 1, 2024, plaintiff requested a trial date because he was "due to be release[d] on parole 5/11/24 and . . . can not travel to Buffalo." Dkt. #144.

Defendants' motions for an extension of the deadline for filing dispositive motions were granted on March 21, 2024 (Dkt. #147), and May 2, 2024. Dkt. #150. On May 24, 2024, the Court granted defendants' third motion for an extension of the deadline for filing dispositive motions (Dkt. #152), but that text order was returned to the Court as undeliverable due to the lack of a forwarding address. Dkt. #153. A text order scheduling defendants' motion for summary judgment (Dkt. #153), and a Notice to Pro Se Litigant Regarding Rule 56 Motions for Summary Judgment (Dkt. #158), were also returned to the Court as undeliverable due to the lack of a forwarding address.

NYSDOCCS Incarcerated Lookup indicates that plaintiff has been released from custody. *See* https://nysdoccslookup.doccs.ny.gov

On July 9, 2024, the Court issued an Order to Show Cause why this case should not be dismissed. Dkt. #159. Plaintiff was warned that his failure to comply with the Order to Show Cause would result in the dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(b). The Order to Show Cause was returned to the Court as undeliverable due to the lack of a forwarding address. Dkt. #160.

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

If the plaintiff fails to prosecute or to comply with these rules
or a court order, a defendant may move to dismiss the action
or any claim against it.  Unless the dismissal order states
otherwise, a dismissal under this subdivision . . . operates as
an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Although the text of Fed.R.Civ.P. 41(b) expressly addresses only the case in which the defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

The Court of Appeals for the Second Circuit requires district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *Id.* "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). Specifically, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *LeSane*, 239 F.3d at 209.

The Court notes that plaintiff was aware of his obligation to maintain a current address with the Court as evidenced by his previous notices to the Court of his change of address. Dkt. ##118 & 122. Moreover, plaintiff's letter dated February 1, 2024

-3-

suggests plaintiff's lack of interest in continuing to prosecute this action following his release from NYSDOCCS. Dkt. #144. In any event, because plaintiff has not provided the Court with his address following his release from NYSDOCCS, the Court "has been effectively prevented from warning him that this action is subject to dismissal for failure to keep the Court apprised of his address." *Manners v. Jone*, 22-CV-6328, 2023 WL 8788865, at *2 (W.D.N.Y. Dec. 19, 2023). Moreover, "no lesser sanction than dismissal would be effective" because plaintiff "would be unaware that any such sanction had been imposed." *See McAuley v. City of N.Y.*, 21CV7413, 2022 WL 524135, at *3 (S.D.N.Y. Feb. 22, 2022). The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases and it is not an efficient use of the Court's resources to allow this case to languish any further in the hope that plaintiff will reappear in the future. *Id.* Accordingly, this Court recommends that plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

**DATED:** Buffalo, New York
August 26, 2024

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**